## JOSEPH ROWE *versus* JONATHAN BEALE.

In an action under *St.* 1785, *c.* 52, § 2, to recover double the expense of amending and viewing a partition fence in Milton, it appeared that the defendant lived in Milton; that a part of the partition fence between the lands of the parties was in Milton, and a part in Quincy; that in March 1832, B and W were chosen fence-viewers of Milton; but that no act was done by them to manifest their acceptance of the office, until September 10, 1832, when they took the oath of office, and in pursuance of the provisions of the statute, sent to the defendant the following writing, which was dated in Milton, September 10, 1832: "Sir. We have been called upon by the plaintiff to inspect the division fence between your respective lands. We find yours to be deficient, and not according to law: six days are allowed by law for you to do it in. And unless you then do it, the party complaining may do it, and you are bound to pay double the cost. But we are willing, with the consent of the plaintiff to give you twelve days, and if done at the end of those twelve days, say 22d instant, you have to pay double the amount of charges." This was signed by B and W, but without the addition of the capacity in which they acted. It was *held*, that the notice was insufficient: 1. Because it could not be presumed, either from the contents of the writing or from the other circumstances of the case, that the defendant had notice that B and W were the fence-viewers of Milton, or that they were called to act or professed to act as such; and 2. Because the writing did not specify that the portion of the fence adjudged by them to be deficient, was in Milton.

THIS was a special action of the case, under *St.* 1785, *c.* 52, § 2, to recover double the expense of "amending, surveying and viewing" the partition fence between the adjoining lands of the parties. The defendant pleaded the general issue.

At the trial, before *Morton* J., it was admitted by the plaintiff, that a part of the line of fence between his land and that of the defendant, lay in Milton, and a part in Quincy. I also appeared, that the defendant lived in Milton.

The plaintiff proved by the records of the town of Milton, that on March 12, 1832, Josiah Badcock and Zebediah Williams were chosen fence-viewers of that town for the ensuing year. The records contained no evidence that Badcock or Williams had taken the oath of office; nor had any certificate of the administration of such oath to them by a justice of the peace been filed with the town clerk. The plaintiff then produced a certificate of a justice of the peace, that on September 10, 1832, he administered to them the oath of office.

In order to prove that due notice to repair the fence complained of had been given to the defendant, the plaintiff produced the following writing, addressed to the defendant:

Rowe
v.
Beale.

"Sir. We have been called upon by Esq. Rowe, (the plaintiff,) to inspect the division fence between your respective lands. We find yours to be deficient, and not according to law; six days are allowed by law for you to do it in. And, unless you then do it, the party complaining may do it, and you are bound to pay double the cost. But we are willing, with the consent of Esq. Rowe, to give you twelve days, and if done at the end of those twelve days, say 22d instant, you have to pay double the amount of charges. Which you will please take notice. Milton, September 10, 1832. Zebadiah Williams. Josiah Badcock."

The defendant objected that this notice was insufficient to impose any legal obligation upon him; and the judge, being of that opinion, directed a nonsuit, and reserved the question for the consideration of the whole Court. The nonsuit was to be taken off, or made absolute, according to their opinion upon these facts.

*Oct.* 29*th.*      *Cushing*, for the plaintiff, cited *Bassett* v. *Marshall*, 9 Mass. R. 312 ; *Fowler* v. *Bebee*, 9 Mass. R. 231 ; *People* v. *Collins*, 7 Johns. R. 549 ; *The King* v. *Lisle*, Andr. 163 , *Bucknam* v. *Ruggles*, 15 Mass. R. 180 ; *Nason* v. *Dillingham*, 15 Mass. R. 170 ; *Parker* v. *Kett*, 1 Ld. Raym. 658 , *S. C.* 1 Salk. 96 ; *S. C.* 12 Mod. 469 ; *Commonwealth* v. *Fowler*, 10 Mass. R. 290.

*Mann*, for the defendant, cited *St.* 1785, *c.* 75, § 2, 3 , *Colburn* v. *Ellis*, 5 Mass. R. 427 ; *Welles* v. *Battelle*, 11 Mass. R. 477 ; *Sherman* v. *Needham*, 4 Pick. 66 ; *Ashby* v. *Lunenburg*, 8 Pick. 563 ; *Powers* v. *Ware*, 2 Pick. 451.

*Oct.* 30*th.*      SHAW C. J. delivered the opinion of the Court. This action is brought upon the general statute regulating fences, *St.* 1785, *c.* 52, § 2, to recover double the costs of putting up and repairing a partition fence, which, the plaintiff alleges, the defendant ought to have put up.

This service having been performed without any request, express or implied, on the part of the defendant, it is clear, that no action at common law will lie to recover the expense of it ; and therefore, if the plaintiff is not entitled to recover double damages, conformably to the provisions of the second section of the statute, he can maintain no action in any form.

In order to recover then, the plaintiff must show, that the defendant's partition fence being insufficient, he applied to two fence-viewers of the town to survey it ; and that they having determined it to be insufficient, did signify the same in writing to the defendant, and directed him to repair or rebuild the same in six days. It must then be shown that the defendant failed to comply with the order thus given ; that the plaintiff repaired the fence at his own expense ; and that the same was then adjudged sufficient by two fence-viewers, and the value thereof, together with the fence-viewers' fees, ascertained by them, in writing, and notice thereof given to, and demand made of, the defendant.

Several objections were taken to the regularity and validity of the proceedings, two of which only have we found it necessary to consider. These arise upon the sufficiency of the written notice, given to the defendant, that the fence had · been surveyed and found insufficient.

1. It is objected, that by the written paper itself the defendant did not have notice, that the subscribers thereto were fence-viewers of Milton, or that they were called to act, or professed to act, in that office.

It is said, that the defendant, as a townsman, was bound to take notice that these gentlemen were fence-viewers. Possibly it might be so, if they had been qualified a considerable time previous, or acted in the office in such manner as to give constructive notice to the inhabitants of the town ; but it appears, that they were chosen six months before, and had not taken the oath, or done any act to manifest their acceptance of the office or to qualify them for the execution of it, until the very day on which their notice bears date, and probably for this very service. Nor did the subject matter unequivocally indicate, that they were acting in that capacity.

It is not like the case of notice given by selectmen acting as overseers of the poor. *Ashby* v. *Lunenburg*, 8 Pick. 563.

The statute having provided, that in certain cases, the functions of overseers shall be discharged by selectmen ; when an act is done, which upon the face of it indicates that it could only be done by the selectmen, acting as overseers,

11 *

Rowe
*v.*
Beale.

when there are no other overseers, there is a sufficient notice that they were acting in that capacity.

The notice in this case is extremely defective in many respects, but there is one other, which we think entirely decisive. The notice does not specify where the defective fence is. The fence-viewers say, " We have been called upon, by Esq. Rowe, to inspect the division-fence between your respective lands." Were there but one piece of division-fence, between the lands of the parties, to which it could apply, and that within the limits of the town of Milton, indefinite as it is, perhaps this description would be sufficient. But it is admitted by the plaintiff, that a part of the line of fence, between the lands of the parties, lay in Milton and part in Quincy. That part which lay in the town of Quincy, was wholly without the jurisdiction of the fence-viewers of Milton. The notice therefore leaves it entirely uncertain, whether the fence referred to lay within the one or the other of these towns ; and yet as to one, it would be wholly inoperative and void. It did not give the defendant notice, that the portion of his fence, adjudged deficient, was that portion of it which lay within the town of Milton, and therefore it was not such as to bring him within the provisions of the statute, and render him liable for double the expense of amending it.

*Nonsuit made absolute*